**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SYMETRA LIFE INSURANCE COMPANY | CIVIL ACTION |
| Plaintiff, | Case No. |
| v. |  |
| L.G., a minor; and ESTATE OF ELSA ABERRA BEIN |  |
| Defendants. |  |

**COMPLAINT IN INTERPLEADER**

Plaintiff Symetra Life Insurance Company brings this Complaint in Interpleader under Federal Rule of Civil Procedure 22 against Defendants L.G. and the Estate of Elsa Aberra Bein and alleges as follows:

**NATURE OF THE ACTION**

1.      As set forth below, this is an interpleader action brought pursuant to Federal Rule of Civil Procedure 22 to resolve competing claims to death benefits payable an annuity Symetra issued to Elsa Aberra Bein.

2.      Ms. Bein died on May 1, 2024, and upon information and belief. her death was determined to be the result of a homicide.

3.      As a result of Ms. Bein's death, a death benefit became payable under the annuity contract according to the contract's terms.

4.      L.G., Ms. Bein's granddaughter, is the sole 100% primary beneficiary under the annuity contract and upon information and belief, she has been charged in connection with  Ms. Bein's death.

1

5. Under the terms of the annuity contract, Ms. Bein's Estate would be the alternate beneficiary.

6. Because the named primary beneficiary may be subject to disqualification under applicable law, including Pennsylvania's slayer rule, Symetra cannot determine the proper beneficiary of the death benefit payable under the terms of the annuity without risking exposure to multiple liability.

7. Symetra does not claim any beneficial interest in the death benefit , other than any right to recover its reasonable attorneys' fees, costs, and disbursements as permitted by law.

8. Symetra is ready, willing, and able to deposit the death benefit with the Clerk of this Court or otherwise dispose of the proceeds as the Court directs.

## PARTIES

9. Plaintiff Symetra Life Insurance Company is a life insurance company formed under the laws of Iowa with its principal place of business in Washington.

10. Defendant L.G. is a citizen of Pennsylvania and is a minor.

11. Defendant Estate of Ms. Bein is a potential claimant because, under the annuity contract, if there is no surviving owner, surviving primary beneficiary, or surviving contingent beneficiary entitled to payment, the death benefit is payable to the estate of the last owner to die.

12. Ms. Bein was a citizen of Pennsylvania at the time of her death.

13. Ms. Bein's Estate is a citizen of Pennsylvania for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Symetra and Defendants.

15. The amount in controversy exceeds $75,000 because, as of April 28, 2026, the cash value of the annuity was $300,982.

16. This interpleader action is brought pursuant to Federal Rule of Civil Procedure 22.

2

17.    This Court has personal jurisdiction over Defendants because the annuity was issued to a Pennsylvania resident, the annuity owner resided in this District, and the competing claimants are citizens of Pennsylvania.

18.    Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 as Ms. Bein was a citizen of Pennsylvania, resided in Philadelphia, and a substantial part of the events and circumstances giving rise to the dispute are connected to this District.

## GENERAL ALLEGATIONS

19.    Symetra issued Symetra Custom 7 Fixed Annuity Contract No. V000334277 to Ms. Bein with a contract date of March 22, 2017.

20.    Ms. Bein was the sole owner and annuitant.

21.    The annuity contract provides that, if any owner dies before the annuity date, Symetra will pay a death benefit equal to the greater of the Contract Value or the Guaranteed Minimum Value.

22.    The contract provides that the death benefit is payable first to any surviving owner, then to any surviving primary beneficiary, then to any surviving contingent beneficiary, and then to the estate of the last owner to die.

23.    Ms. Bein designated L.G., her granddaughter, as her sole primary beneficiary.

24.    Ms. Bein did not designate any contingent beneficiaries.

25.    Ms. Bein died on May 1, 2024. Upon information and belief, her death was ruled a homicide.

26.    Upon information and belief, L.G. has been charged with Ms. Bein's murder.

27.    Pennsylvania's slayer rule may preclude L.G. from receiving the death benefit.

28.    If L.G. disqualified from receiving the death benefit, the Estate is entitled to the death benefit.

29.    Symetra cannot determine the proper recipient of the death benefit without resolving disputed or uncertain questions of fact and law.

30.     Symetra cannot pay the death benefit to any Defendant without risking multiple liability or inconsistent obligations.

31.     Symetra is a disinterested stakeholder and does not dispute that the death benefit became payable as a result of Ms. Bein's death.

32.     Symetra is ready, willing, and able to pay the death benefit to the person or persons determined by this Court to be legally entitled to them.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Symetra Life Insurance Company, seeks the following relief:

A. Symetra seeks leave to deposit the disputed death benefit with the Clerk of this Court, in an interest-bearing account or as otherwise directed by the Court.

B. Symetra seeks an order requiring Defendants to interplead their claims to the death benefit.

C. Symetra seeks an order discharging Symetra from any further liability concerning the death benefit after Symetra deposits the proceeds with the Court or otherwise complies with the Court's order.

D. Symetra seeks an order permanently enjoining Defendants from commencing or prosecuting any claim or action against Symetra relating to the death benefit.

E. Symetra seeks dismissal with prejudice from this action after deposit of the disputed death benefit and entry of discharge.

F. Symetra seeks an award of its reasonable attorneys' fees, costs, and disbursements from the interpleaded proceeds or as otherwise permitted by law.

G. Symetra seeks the appointment of an administrator to act on behalf of the estate, if necessary.

H. That the Court enter such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Rebecca J. Rosen*
Rebecca J. Rosen, Esq.
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Tel: (215) 970-9484
rebecca.rosen@ogletree.com

*Attorneys for Plaintiff
Symetra Life Insurance Company*

Dated: _____